**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES<br>GOVERNMENT, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-01042-SMS PC<br><br>ORDER FINDING AMENDED COMPLAINT STATES COGNIZABLE RETALIATION CLAIM, AND DISMISSING OTHER CLAIMS FROM ACTION, WITH PREJUDICE<br><br>(Doc. 9) |

**Screening Order**

**I.　　Screening Requirement**

　　Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on June 15, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  On December 15, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on December 28, 2009.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**II.     Plaintiff's Claims**

    **A.     Allegations**

Plaintiff is currently housed at the Federal Correctional Institution in Adelanto, California. The events at issue in this action occurred at the United States Penitentiary in Atwater, California. Plaintiff names Correctional Officers Torres and Campos as defendants, and is seeking money damages for the violation of his rights under the United States Constitution.

Plaintiff alleges that on September 2, 2008, Defendants Torres and Campos used excessive force against him and caused him serious bodily injury in retaliation for asking to speak to a lieutenant because Torres was playing with his food and staff the night before failed to feed him. Plaintiff alleges that in addition to violating his rights under the First Amendment by retaliating against him, Defendants violated the Eighth Amendment by using excessive force against him, denying him access to medical treatment, and denying him breakfast and recreation. Plaintiff further alleges that Defendants deprived him of a liberty interest without due process of law.

### B. First Amendment Claim

Plaintiff's allegation that Defendants Torres and Campos used physical force against him because he wanted to complain to a lieutenant about the actions of Torres and other staff is sufficient to state a First Amendment claim under section 1983 for retaliation. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### C. Eighth Amendment Claims

Plaintiff's conclusory allegation that excessive force causing serious bodily injury was used against him does not give rise to a viable claim for relief under the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 7-10, 112 S.Ct. 995 (1992). Further, the conclusory allegation that Plaintiff was deprived of access to medical care fails to state a claim, Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), and the allegation that Plaintiff was denied breakfast and access to recreation fails to state a claim, Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Plaintiff was previously notified of the deficiencies in these claims, but failed to cure them, and the claims are dismissed from the action, with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### D. Fifth Amendment Claim

Finally, although Plaintiff alleges that he was deprived of a liberty interest without due process of law, Plaintiff has not identified the existence of any protected interest entitling him to procedural protections under the Due Process Clause. Wilkinson v. Austin, 545 U.S. 209, 221-23, 125 S.Ct. 2384 (2005). The Court finds that Plaintiff's due process claim is not amenable to being cured through amendment and the claim is dismissed, with prejudice. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1448-49.

### III. Conclusion and Order

Plaintiff's amended complaint states a cognizable retaliation claim against Defendants Torres and Campos but fails to state any other federal constitutional claims. For the reasons set forth herein, it is HEREBY ORDERED that:

///

1. This action shall proceed as one for money damages against Defendants Torres and Campos on Plaintiff's First Amendment retaliation claim; and

2. Plaintiff's Eighth Amendment and Fifth Amendment due process claims are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:  January 5, 2010**                          /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE