# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY, | Case No.: 1:09-cv-01042-GBC (PC) |
| Plaintiff, | ORDER GRANTING UNENUMERATED 12(b) MOTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | |
| UNITED STATES GOVERNMENT, et al., | |
| Defendants. | (Doc. 16) |
| | ORDER DENYING ALL PENDING MOTIONS AS MOOT |
| | (Doc. 21) |

### I.     Procedural History and Facts

Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on June 15, 2009, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors.  On April 8, 2010, Defendants filed an unenumerated 12(b) motion to dismiss the action due to the Plaintiff's failure to exhaust administrative remedies.  (Doc. 16).  On April 21, 2010, Plaintiff filed a "Motion to Dismiss Defendants' Motion" which the Court will construe as an opposition.  (Doc. 17).  On April 27, 2010, Defendants filed a reply.  (Doc. 18).

In support of their motion to dismiss, Defendants submit a declaration of Jennifer Vickers, ("Vicker's Decl.") a paralegal employed by the Bureau of Prisons who as part of her duties, has access to the administrative remedy records.  (Doc. 16-2).  According to Vickers, Plaintiff failed to file a formal administrative claim regarding the alleged use of excessive force on September 2, 2008,

or a claim against any of the named defendants in this action. (Doc. 16-2 at ¶¶ 4-6). In his opposition, Plaintiff states that he was prevented from filing a formal complaint because "[w]hen Plaintiff did file sensitive BP-9 his unit team would not turn them in or lost them deliberately." (Doc. 17 at 2). However Plaintiff also asserts that since Plaintiff was "satisfied with the response" at the informal level, that is all that is necessary to exhaust administrative remedies and that there was no reason to file a "BP-9" to initiate the formal administrative remedy process. (Doc. 17 at 2-3).

## II.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 n.5). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The federal Bureau of Prisons has an administrative grievance system for prisoner complaints. 28 C.F.R. §§ 542.13-542.15; Vicker's Decl. (Doc. 16-2); *see also Nunez v. Duncan*, 591 F.3d 1217, 1219-20 (9th Cir. 2010). The Ninth Circuit describes:

> As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" concerning the dispute to the prison Warden using a BP-9 form.[1] The BP-8 and BP-9 are linked. Both forms involve a complaint arising out of the same incident, and both forms must be submitted within 20 calendar days of the date of that incident. 28 C.F.R. § 542.14(a). An extension of time is available upon a showing of valid reason for delay. Section 542.14(b) provides a non-exhaustive list of reasons that justify an extension of time. Valid reasons "include . . . an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal." *Id.*
>
> If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a). The BP-10 must be submitted to the Regional Director within 20 calendar days of the date of the Warden's decision. *Id.* As with the time period for filing a BP-9, an extension of time is available upon a showing of a valid reason. *Id.* Section 542.15(a) provides that "[v]alid reasons for delay include those situations described in § 542.14(b)." *Id.*
>
> The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP-11 form. *Id.* The BP-11 must be submitted to the Central Office within 30 calendar days from the date of the Regional Director's decision. *Id.* As with the time period for filing a BP-9 and a BP-10, an extension is available upon the showing of a valid reason as described in § 542.14(b). *Id.*

*Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010).

In *Brown v. Valoff*, the Ninth Circuit noted that it would "'refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances,'" and that "[d]elay in responding to a grievance, particularly, a time-sensitive one, may demonstrate that no administrative process is in fact available." 422 F.3d 926, 943 n.18 (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002)). Ultimately, the Ninth Circuit concluded that the plaintiff was not "prejudiced by the long time it took to conclude the investigation into [plaintiff's] staff complaint." *Id.* In *Ngo*, the United State Supreme Court left "open the possibility that an exception to the exhaustion requirement might exist" in circumstances where "the prison had created draconian procedural requirements that would 'trip[] up all but the most skillful prisoners' - which might also render administrative remedies effectively unavailable so as to excuse a failure to exhaust." *Sapp v. Kimbrell*, 623 F.3d 813, 827 (citing *Woodford v. Ngo*,

---

[1] If a complaint is "sensitive," such that "the inmate's safety or well-being would be placed in danger if the Request became known at the institution," the inmate may bypass the Warden and file a BP-9 directly with the BOP Regional Director. 28 C.F.R. § 542.14(d).

548 U.S. 81, 126).

Administrative remedies are not "effectively unavailable" and a prisoner is not equitably excused from the exhaustion requirement under § 1997e(a) where a delay in a prisoner's administrative appeal: 1) does not involve a time-sensitive grievance; and 2) is not a result of a prison's action which thwarts a prisoner's attempt to properly exhaust administrative remedies, thus prejudicing a prisoner's ability to bring a federal suit. *See Woodford v. Ngo*, 548 U.S. 81, 88, 126 (suggesting as relevant the underlying reasons for why an administrative remedy is unavailable and leaving open the possibility that acts of a prison that thwart proper exhaustion may allow an equitable exception to the PLRA's exhaustion requirement); *Sapp v. Kimbrell*, 623 F.3d 813, 827 (finding that a prison's procedural requirements could serve to thwart a prisoner's attempt to properly exhaust administrative remedies and such a circumstance should serve as an excuse from the exhaustion requirement); *Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (a warden's mistake prevented prisoner from properly exhausting administrative remedies and thus such remedies were effectively unavailable); *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (noting that a delay in administrative remedies for time-sensitive grievances may serve as an excuse from the exhaustion requirement under § 1997e(a), however, a delay that does not result in prejudice to a plaintiff may not warrant excuse from the exhaustion requirement).

Plaintiff concedes that he has not pursued exhausting his administrative remedies and provides contradicting reasons for the lack of exhaustion. Although Plaintiff claims that prison officials purposefully lost his appeal, in Plaintiff's Exhibit 3, the Associate Warden's response dated January 9, 2009, instructed Plaintiff to submit another BP-9. Although Plaintiff provides copies of his informal complaint, Plaintiff fails to provide copies of his formal appeal. (Doc. 17, Ex. 2, 3). Moreover, Plaintiff's claim that prison officials are refusing to file his BP-9 complaints is contradicted by his history of successfully filing formal complaints. *See* Vicker's Decl. (Doc. 16-2); Defendants' Exhibits 1, 2 (Doc 16-2 ). The Court finds that Plaintiff's alternative explanation, that he chose not to file a formal appeal because he was satisfied with the result of the informal process, is the reason for Plaintiff's failure to exhaust administrative remedies.

If Plaintiff could choose not to exhaust administrative remedies simply by declaring he was

satisfied at an intermediate level, such an application would render the exhaustion requirement of the PLRA "into a largely useless appendage" and frustrate the prison's administrative review process. *See Woodford v. Ngo*, 548 U.S. 81, 93. Finding that Plaintiff is not excused from the exhaustion requirement in this instance is consistent with the underlying purpose of the exhaustion requirement under the PLRA "to eliminate unwarranted federal-court interference with the administration of prisons, and . . . to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93.

### III.  Conclusion and Order

Defendants have shown that Plaintiff did not exhaust his excessive force claim against them and they are therefore entitled to dismissal of the claim. Accordingly, the Court HEREBY ORDERS that Defendants' motion to dismiss, April 8, 2010, be GRANTED, and Plaintiff's claim against them be DISMISSED, without prejudice, for failure to exhaust. Plaintiff's pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated:     June 24, 2011

UNITED STATES MAGISTRATE JUDGE