# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM STANSBURY,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT, ET AL.,<br><br>            Defendants. | Case No. 1:09-CV-01042-SMS<br><br>ORDER RE: REIMURSEMENT OF EXPENSES OF SERVICE |

Plaintiff Kareem Stansbury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on June 15, 2009, alleging violations of civil rights by federal actors. The named Defendants were "United States Government" and two correctional officers, "P. Torres" and "Campos."

On January 29, 2010, the Court ordered the United States Marshal to serve process upon defendants Campos and Torres. Doc. 13. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendants Campos and Torres. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

The U.S. Attorney was properly served in Sacramento. Doc. 14. In April 2010, Defendant Torres waived service. Doc. 15. These are the only docket entries relating to service at this time.

Torres filed a motion to dismiss. Doc. 16. This was granted and judgment was entered on June 27, 2011, on the grounds that Plaintiff had failed to exhaust his claim. Docs. 26, 27.

More than two-and-a-half years later, on January 30, 2013, the United States Marshal filed a return of service with a USM-285 form showing total charges of $268.45 for effecting personal service on defendant Campos. The form shows that a waiver of service form was mailed to the defendant on February 8, 2010 and that no response was received.

## LEGAL STANDARD

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . . If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

## ORDER

It is unclear to the Court why the U.S. Marshal attempted to serve Defendant "Campos" (who is never identified by a full name in any papers) years after judgment was entered in his favor. Should the U.S. Marshal believe that reimbursement is appropriate, Campos should be granted an opportunity to file a response.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order defendant Campos may file a written response to the Marshal's Request.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED:  2/6/2014                              /s/ SANDRA M. SNYDER
                                              UNITED STATES MAGISTRATE JUDGE